Mitchell A. Stephens (11775)
Jordan Pate (17634)
**JAMES DODGE RUSSELL & STEPHENS, P.C.**
545 East 300 South
Salt Lake City, Utah 84102
Telephone: (801) 363-6363
Email: mstephens@jdrslaw.com
        jpate@jdrslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| "LILY," "SARAH," "SLOANE," "VIOLET," "MARIA," "APRIL," "JULIE," and "ASTER," | COMPLAINT |
| *Plaintiffs,* | Case No. |
| vs. | JURY DEMANDED |
| ROBERT CHARLES LOWENHAUPT, | |
| *Defendant.* | |

The Plaintiffs, on their own and through their counsel of record, allege for their complaint as follows:

## NATURE OF THE ACTION

1.     This is a suit for damages arising out of the Defendant's violations of the federal criminal child pornography statute 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  18 U.S.C. § 2255(a) allows victims of child pornography under 18 U.S.C. § 2252 to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

## PARTIES

2.     Plaintiffs, now adults, are survivors of child sexual exploitation and abuse.

3.     The Plaintiffs were sexually abused children.  Their sexual abuse is depicted in images of child pornography seized from defendant's possession.

4.     Plaintiff Lily is depicted in the "Vicky" series of child pornography images.

5.     Plaintiff Sarah is depicted in the "Marineland1" series of child pornography images.

6.     Plaintiff Sloane is depicted in the "Tara" series of child pornography images.

7.     Plaintiff Violet is depicted in the "At School" series of child pornography images.

8.     Plaintiff Maria is depicted in the "Best Necklace" series of child pornography images.

9.     Plaintiff April is depicted in the "Aprilblonde" series of child pornography images.

10.     Plaintiff Julie formerly known as Jen is depicted in the "JBN Flowers1" series of child pornography images.

11.     Plaintiff Aster is depicted in the "Lexie" series of child pornography images.

12.     Robert Charles Lowenhaupt ("Defendant") possessed the child pornography images and series identified above.

13.     Upon information and belief, Defendant resided in Utah at the time of the offense and currently resides within the District of Utah.

14.     On information and belief, Defendant resided in this district prior to and at the time of his criminal conviction for Possession of Child Pornography.

## JURISDICTION AND VENUE

15.     Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

16.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

### Defendant Possessed Child Pornography Depicting Plaintiffs in Violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)

17.     Defendant was charged in the United States District Court, District of Utah in the matter entitled *United States v. Robert Charles Lowenhaupt*, DCUT Case No. 1:23-cr-00079-DS, (hereinafter "the criminal matter'), with the crime of Possession of Child Pornography that Involved a Prepubescent Minor Who Had Not Attained 12 Years of Age in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  The crime was alleged to have been committed on or about August 31, 2021.

18. Defendant was originally charged in the criminal case with a Felony Information (Criminal matter ECF 1) on November 29, 2023, which is sealed.  A Superseding Information was filed on January 8, 2024.  (*See* Exhibit 1, Superseding Information (Criminal matter ECF 12) and attached hereto and incorporated by reference as if fully set forth herein).

19. Defendant pleaded guilty to Count 1 of the Superseding Information on January 10, 2024.  (*See* Exhibit 2*,* Minute Entry regarding Initial Appearance/Change of Plea (Criminal matter ECF 15) and attached hereto and incorporated by reference as if fully set forth herein).

20. On January 12, 2024, the Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) (Criminal matter ECF No. 20) was entered.  (*See* Exhibit 3 and attached hereto and incorporated by reference as if fully set forth herein).

21. Defendant was sentenced on the charge of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) with a judgment entered against him on May 28, 2024 (Criminal matter ECF 28).  The Court ordered the Defendant to pay restitution to the Plaintiffs who requested restitution.  (*See* Exhibit 4, Judgment filed in the criminal case and attached hereto and incorporated by reference as if fully set forth herein).

**Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography.**

22. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notifications System (DOJ VNS), which alerts them when they are victims in criminal investigations by federal law enforcement agencies.

23. On information and belief, Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography

images on defendant's computer to child pornography images of plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.  Upon information and belief, this CVIP report was supplied to defendant's criminal defense attorney.

24.     On or about February 1, 2024, plaintiffs first received notice from the DOJ VNS that child pornography images of them were among those possessed by Defendant Lowenhaupt in violation of federal child pornography law.

25.     Plaintiffs verified, through their representative designated pursuant to 18 U.S.C. § 3509, that images of each of them as children depicting conduct as defined in 18 U.S.C. § 2256(8) are contained within the collection of child pornography found in the possession of Defendant.

## FIRST CLAIM FOR RELIEF
### Civil Remedy under 18 U.S.C. § 2255(a)

26.     The Plaintiffs repeat and re–allege all prior paragraphs.

27.     18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that "[a]ny person who, while a minor, was a victim of a violation of" 18 U.S.C. § 2252 and "who suffers personal injury as a result of such violation . . . shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred."

28.     The Defendant pleaded guilty to the predicate federal child pornography crimes found at 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2).

29.     18 U.S.C. § 2252A(a)(5)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or

shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

30. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C. § 2252A(a)(5)(B).

31. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, pre-judgment and post-judgment interest.

32. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

33. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

34. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

35. Litigation costs pursuant to 18 U.S.C. § 2255(a); and,

36. Pre-judgment and post-judgment interest.

## JURY DEMAND

37. Plaintiffs hereby demand trial by jury on all claims or issues so triable.

DATED this 19th day of May, 2026.

JAMES DODGE RUSSELL & STEPHENS, P.C.

/s/ *Mitchell A. Stephens*

Mitchell A. Stephens (11775)
Jordan Pate (17634)
**James Dodge Russell & Stephens, P.C.**
545 East 300 South
Salt Lake City, Utah 84102
Telephone: (801) 363-6363
Email: mstephens@jdrslaw.com
         jpate@jdrslaw.com

*Counsel for Plaintiffs*

COMPLAINT