James H. Tily (#8809)
**TILY LAW, LLC**
150 South 600 East, Suite 9C
Salt Lake City, Utah 84102
Telephone: (801) 641-0883
Email: jameshtily@tilylaw.com
Attorney for Defendant Robert Charles Lowenhaupt

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| "LILY," "SARAH," "SLOANE," "VIOLET," "MARIA," "APRIL," "JULIE," and "ASTER," <br><br> *Plaintiffs,* <br><br> vs. <br><br> ROBERT CHARLES LOWENHAUPT, <br><br> *Defendant.* | **DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** <br><br> Case No. 2:26-cv-00460-HCN-DBP <br><br> District Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead <br><br> **JURY TRIAL DEMANDED** |

Defendant Robert Charles Lowenhaupt ("Defendant"), by and through his counsel of record, James H. Tily of Tily Law, LLC, answers the Complaint of Plaintiffs "Lily," "Sarah," "Sloane," "Violet," "Maria," "April," "Julie," and "Aster" (collectively, "Plaintiffs") as follows. The headings in the Complaint are not allegations and require no response; to the extent any heading is construed as an allegation, it is denied. Any allegation not expressly admitted below is denied.

## NATURE OF THE ACTION

1.      Paragraph 1 states legal conclusions and characterizes the statutes Plaintiffs invoke, to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs bring this action under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and 18 U.S.C. § 2255(a), and admits that 18 U.S.C. § 2255(a) provides for liquidated damages in the amount of

$150,000, the cost of the action, and reasonable attorney's fees and other litigation costs reasonably incurred. The statutes speak for themselves. Defendant denies that Plaintiffs are entitled to any recovery and denies the remaining characterizations in Paragraph 1.

## PARTIES

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis denies them.

3.      Defendant admits that law enforcement seized from him materials containing child pornography, as established by his guilty plea and conviction in United States v. Lowenhaupt, No. 1:23-cr-00079-DS (D. Utah). Defendant lacks knowledge or information sufficient to form a belief about whether each Plaintiff is the individual whose abuse is depicted in those specific images, and on that basis denies. Defendant denies the remaining allegations in Paragraph 3.

4.      Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Lily is the individual depicted in the "Vicky" series, and on that basis denies the allegations in Paragraph 4.

5.      Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Sarah is the individual depicted in the "Marineland1" series, and on that basis denies the allegations in Paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Sloane is the individual depicted in the "Tara" series, and on that basis denies the allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Violet is the individual depicted in the "At School" series, and on that basis denies the allegations in Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Maria is the individual depicted in the "Best Necklace" series, and on that basis denies the allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff April is the individual depicted in the "Aprilblonde" series, and on that basis denies the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Julie is the individual depicted in the "JBN Flowers1" series, and on that basis denies the allegations in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff Aster is the individual depicted in the "Lexie" series, and on that basis denies the allegations in Paragraph 11.

12. Defendant admits that he possessed child pornography, as established by his guilty plea and the Judgment in United States v. Lowenhaupt, No. 1:23-cr-00079-DS (D. Utah). Defendant lacks knowledge or information sufficient to form a belief about whether each Plaintiff is depicted in those images, and on that basis denies the remaining allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14.

**JURISDICTION AND VENUE**

15. Paragraph 15 states a legal conclusion regarding subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and does not contest subject matter jurisdiction.

16.     Paragraph 16 states a legal conclusion regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district and does not contest venue.

## FACTUAL BACKGROUND

17.     Defendant admits that he was charged in United States v. Lowenhaupt, No. 1:23-cr-00079-DS (D. Utah), with possession of child pornography that involved a prepubescent minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and that the offense was alleged to have been committed on or about August 31, 2021.

18.     Defendant admits that a Felony Information was filed on November 29, 2023, and that a Superseding Information was filed on January 8, 2024, in the criminal matter, and that Exhibit 1 to the Complaint appears to be a copy of the Superseding Information, which speaks for itself. Defendant denies any characterization inconsistent with that document.

19.     Defendant admits that he pleaded guilty to Count 1 of the Superseding Information on January 10, 2024, before Magistrate Judge Jared C. Bennett, who accepted the plea, and that Exhibit 2 to the Complaint appears to be a copy of the minute entry for that proceeding, which speaks for itself.

20.     Defendant admits that the Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) was entered on January 12, 2024 (Criminal matter ECF No. 20), and that Exhibit 3 to the Complaint appears to be a copy of that document, which speaks for itself. Defendant denies any characterization inconsistent with that document.

21.     Defendant admits that he was convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), that a Judgment was entered on May 28, 2024 (Criminal

matter ECF No. 28) following a sentencing hearing on May 20, 2024, and that the Court ordered restitution. Defendant admits that Exhibit 4 to the Complaint appears to be a copy of the Judgment, which speaks for itself. Defendant denies any characterization inconsistent with that document.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on that basis denies them.

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and on that basis denies them. Defendant denies that any CVIP report conclusively establishes the identity of any Plaintiff or the contents of the materials in Defendant's possession.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on that basis denies them.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and on that basis denies them. Defendant denies that any such verification, standing alone, establishes liability or any entitlement to relief.

## FIRST CLAIM FOR RELIEF

### Civil Remedy under 18 U.S.C. § 2255(a)

26.    Defendant incorporates his responses to all preceding paragraphs as if fully set forth herein.

27.    Paragraph 27 quotes and characterizes 18 U.S.C. § 2255, which speaks for itself. Defendant admits that the quoted language appears in the statute. Defendant denies that Plaintiffs have satisfied the requirements of the statute and denies that Plaintiffs are entitled to any relief under it.

28.    Defendant admits that he pleaded guilty to, and was convicted of, possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), the penalty for which is set forth in 18 U.S.C. § 2252A(b)(2). Defendant denies any characterization of 18 U.S.C. § 2252A(b)(2) as a separate substantive offense and denies the remaining characterizations in Paragraph 28.

29.    Paragraph 29 quotes 18 U.S.C. § 2252A(a)(5)(B), which speaks for itself. Defendant admits that the quoted language appears in the statute and denies any characterization inconsistent with its terms.

30.    Defendant denies the allegations in Paragraph 30. Each Plaintiff bears the burden to prove that she was, while a minor, a victim of Defendant's violation of 18 U.S.C. § 2252A and that she suffered personal injury as a result of that violation, and Defendant denies that each Plaintiff has done or can do so.

31.    Defendant denies the allegations in Paragraph 31, and denies that Plaintiffs are each entitled to liquidated damages of $150,000 or to any costs, attorney's fees, or interest.

32.    Defendant admits that Plaintiffs allege they are not seeking actual damages under 18 U.S.C. § 2255.

## RELIEF REQUESTED

The paragraphs under the heading "Relief Requested," including the WHEREFORE clause and Paragraphs 33 through 36, state Plaintiffs' requests for relief and require no response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested in those paragraphs or to any relief whatsoever, including the liquidated damages, attorney's fees, litigation costs, and pre-judgment and post-judgment interest sought in Paragraphs 33, 34, 35, and 36.

## JURY DEMAND

37.    Defendant admits that Plaintiffs demand a trial by jury. Defendant likewise demands a trial by jury on all claims and issues so triable.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that is not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

By asserting the defenses below, Defendant does not concede that he bears the burden of proof or persuasion on any matter on which Plaintiffs bear that burden. Defendant asserts the following defenses.

**First Defense (Failure to State a Claim).**  The Complaint fails, in whole or in part, to state a claim upon which relief can be granted. To recover under 18 U.S.C. § 2255(a), each Plaintiff must establish that she was, while a minor, a victim of a violation enumerated in the statute and that she suffered personal injury as a result of that violation. To the extent any Plaintiff has not alleged, or cannot establish, each required element, her claim is subject to dismissal.

**Second Defense (Setoff and Credit for Criminal Restitution).**  In the Judgment entered in United States v. Lowenhaupt, No. 1:23-cr-00079-DS (D. Utah May 28, 2024), the Court ordered Defendant to pay restitution in the total amount of $38,000.00 to the victims of his offense. To the extent any Plaintiff in this action is among the persons to whom that restitution was ordered, any civil recovery by that Plaintiff must be reduced by, or credited against, the restitution Defendant has paid or is obligated to pay for the same injury, in order to prevent double recovery.

**Third Defense (Due Process Limit on Aggregate Statutory Damages).**  As applied to Defendant, an aggregate award of liquidated damages that is grossly disproportionate to any injury

Defendant's conduct caused would violate the Due Process Clause of the Fifth Amendment to the United States Constitution. Defendant preserves and reserves the right to challenge, on that ground, any liquidated-damages award sought against him in this action.

**Fourth Defense (Reservation of Rights).** Defendant has not completed his investigation and discovery in this matter. Defendant reserves the right to amend this Answer and to assert additional affirmative or other defenses that become apparent through the course of discovery and further proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Robert Charles Lowenhaupt respectfully requests that the Court:

1.  Enter judgment in favor of Defendant and deny Plaintiffs the relief they request;

2.  In the alternative, if any Plaintiff prevails, reduce any award against Defendant to account for the restitution ordered in the criminal matter and for any constitutional limit on the aggregate award;

3.  Award Defendant his costs incurred in this action; and

4.  Grant such other and further relief as the Court deems just.

Defendant demands a trial by jury on all claims and issues so triable.

DATED this 15th day of June, 2026.

Respectfully submitted,

**TILY LAW, LLC**

/s/ James H. Tily
James H. Tily (#8809)

150 South 600 East, Suite 9C
Salt Lake City, Utah 84102
Telephone: (801) 641-0883
jameshtily@tilylaw.com
Attorney for Defendant Robert Charles Lowenhaupt

## CERTIFICATE OF SERVICE

I certify that on the 15th day of June, 2026, I electronically filed the foregoing

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES with the

Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to all counsel

of record, including the following:

Mitchell A. Stephens (11775)
Jordan Pate (17634)
JAMES DODGE RUSSELL & STEPHENS, P.C.
545 East 300 South
Salt Lake City, Utah 84102
mstephens@jdrslaw.com
jpate@jdrslaw.com
Counsel for Plaintiffs

/s/ James H. Tily